UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA RODRIGUEZ,

           Plaintiff,

v.                                            CASE No. 8:10-CV-2192-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of
her claim for supplemental security income payments.[1] Because the decision
of the Commissioner of Social Security fails adequately to assess the
plaintiff's past relevant work, the Commissioner's decision will be reversed
and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-nine years old at the time of the
most recent administrative hearing and who has a tenth grade education (Tr.
32, 60), has worked previously as a housekeeper (Tr. 152). She filed a claim

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 15).

for supplemental security income payments, alleging that she became disabled
due to "[r]ecovering from substance abuse; asthma, a torn ligament knee,
allergies" (Tr. 152).[2]   The claim was denied initially and upon
reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing
before an administrative law judge. The law judge found that the plaintiff has
severe impairments of lumbar degenerative disc disease, osteoarthritis of the
left knee, depression, and anxiety (Tr. 17). The law judge determined that,
despite these impairments, "the claimant retains the residual functional
capacity to perform light work" (Tr. 19). Specifically, the law judge made
the following findings (Tr. 19-20):

> The claimant can lift twenty pounds occasionally
> and ten pounds frequently. The claimant can stand,
> sit, and walk for six hours out of an eight hour day.
> The claimant has no limitation in her ability to
> push/pull with hand or foot controls. The claimant
> has no manipulative, visual, auditory,
> communicative, or environmental limitations. The
> claimant can occasionally balance, kneel, crouch,
> and crawl but should avoid ladders and unprotected
> heights. The claimant has a tenth grade education
> and can hear, understand, remember, and carryout
> simple routine instructions. The claimant has only

_____

[2]The plaintiff initially alleged disability beginning January 1, 1995 (Tr. 152). At the
administrative hearing, she amended the onset date to August 24, 2007 (<u>see</u> Tr. 16).

> moderate limitations in her ability to deal with the
> general public and can interact appropriately with
> co-workers and supervisors.

The law judge concluded that these limitations did not prevent the plaintiff

from returning to past work as a housekeeper (Tr. 25). Alternatively, he ruled

that, based upon the plaintiff's residual functional capacity, age, education,

and work experience, the medical vocational guidelines directed a finding that

there were other jobs in the national economy that the plaintiff could perform

(Tr. 25-26). Consequently, the law judge found that the plaintiff was not

disabled (Tr. 26). The Appeals Council let the decision of the law judge

stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to supplemental security income, a

claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less than

twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental

impairment," under the terms of the Act, is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims.  See 20 C.F.R. 416.920. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled.  20 C.F.R. 416.920(b).  If not, the next inquiry (step two) is whether a claimant has a severe impairment.  20 C.F.R. 416.920(c).  An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities.  20 C.F.R. 416.921(a).  If there is not a severe impairment, then a claimant is deemed to be not disabled.  20 C.F.R. 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

III.

The plaintiff has engaged in housekeeping activities off-and-on since at least 1996. In the late 1990's, the plaintiff worked as a motel housekeeper. From the date of her 2007 application through at least the administrative hearing, the plaintiff lived in a "big" two-story house owned by two brothers. She engaged in some housekeeping duties, but did not receive wages for her services. In exchange for the performance of her housekeeping duties, which included doing dishes, bedding, laundry, and

-6-

sweeping floors when she was able, the brothers provided her with room and board in the house and assistance with personal needs, including transportation and medical expenses (Tr. 42-43, 63, 170). One of the brothers, Wayne Cosselman, testified at an administrative hearing on her behalf for supplemental security income payments and accompanied the plaintiff to many medical appointments (Tr. 53). Cosselman, who claims he is disabled, testified that on "some days" the plaintiff is so afflicted that he "carr[ies] [the plaintiff] to the bathroom and carr[ies] her back to bed" (Tr. 64).

The plaintiff challenges the law judge's decision on the grounds that the law judge: (1) erroneously found that she had past relevant work as a housekeeper; (2) improperly relied on the grids to conclude that the plaintiff could perform other work; and (3) failed to comply with Social Security Ruling 96-6p in that he did not explain his assessment of certain opinions by a nonexamining reviewing physician (Doc. 20, pp. 5-10). With respect to the plaintiff's challenge regarding past relevant work, a remand is warranted.

The law judge determined at step one of the sequential analysis that, despite the plaintiff's recent housekeeping activities for the Cosselman brothers, she had not engaged in substantial gainful activity since her alleged onset date of August 24, 2007 (Tr. 16). The law judge reasoned that "the

claimant has not engaged in substantial gainful activities because the value

of the 'in-kind payments' the claimant received is unclear" (Tr. 17).

However, the law judge also determined, at step four, that the

plaintiff had the residual functional capacity to perform the requirements of

her past relevant work of housekeeping. The law judge stated (Tr. 25):

> The claimant has been working as a housekeeper
> throughout the period at issue. Although during
> the hearing the claimant minimized her work
> activity, previously, the claimant reported that she
> vacuums, makes beds, washes dishes, cleans
> bathrooms, cooks, and sweeps porches.    In
> comparing the claimant's residual functional
> capacity with the physical and mental demands of
> this work, the undersigned finds that the claimant
> is able to perform it as actually and generally
> performed.

Importantly, the law judge did not mention the plaintiff's past

work as a motel housekeeper. Consequently, referring only to her live-in

housekeeping job, the plaintiff contends that the law judge made the

inconsistent findings that, at step one, her housekeeping duties were not

performed at the substantial gainful activity level and yet, at step four,

housekeeping was past relevant work. However, to qualify as past relevant

work, the work must have been done within the last fifteen years, it was done

long enough for the plaintiff to learn to do it, and it was substantial gainful

activity.  See Vaughn v. Heckler, 727 F.2d 1040, 1042 (11ᵗʰ Cir. 1984); 20

C.F.R. 416.965(a).  The regulations further define substantial gainful activity

as follows (20 C.F.R. 416.972):

> Substantial gainful activity is work activity that is both substantial and gainful:
>
> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

Therefore, in light of the law judge's conclusion that the live-in housekeeping

job was not substantial gainful activity, the live-in housekeeping position

could not qualify as past relevant work.

        In response to the plaintiff's challenge on this point, the

Commissioner does not articulate any argument that the plaintiff's experience

as a live-in housekeeper constitutes past relevant work.  In other words, there

was no attempt to defend the law judge's finding on that issue.  Rather, the

Commissioner contends that the plaintiff's employment as a motel housekeeper in prior years is past relevant work. This argument fails.

The Commissioner relies on a chart in a work history report which indicates that the plaintiff worked as a housekeeper for an unnamed motel from 1986 to 1998 eight hours a day, five days a week for $7.30 per hour (Tr. 152). Based upon this chart, the Commissioner contends that the plaintiff made $7.30 an hour and "earned as much as $292 a week or $1,168 a month" from 1996 to 1998 (Doc. 22, p. 9). He asserts that, "[b]ecause Plaintiff's earnings as reported on her work history report met the earning requirements to presume substantial gainful activity, the ALJ properly determined that Plaintiff's housekeeping job was in fact past relevant work" (id.).

The law judge, however, did not provide any meaningful explanation for his (inconsistent) determination at step four that the plaintiff had prior work experience as a housekeeper that qualified as past relevant work (see Tr. 25). He certainly did not express the position that the plaintiff's prior experience as a motel housekeeper constituted past relevant work. Thus, the law judge did not make any findings along the lines argued by the

-10-

Commissioner. Consequently, the Commissioner's argument is simply a post hoc rationalization.

However, post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); Baker v. Commissioner of Social Security, 384 Fed. Appx. 893, 896 (11th Cir. 2010) (unpub. dec.). The responsibility for making findings regarding past relevant work is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the deficient finding that the plaintiff had past relevant work as a housekeeper.

Furthermore, the contention that employment as a motel housekeeper constituted past relevant work – even if it were a finding by the law judge – would not seem to be supported by substantial evidence in the present record. The plaintiff cites to her earnings records to show that the motel housekeeping positions did not amount to substantial gainful activity (Doc. 20, p. 6). That report reveals that her earnings for the pertinent period are as follows (Tr. 133):

-11-

| Year | Earnings |
|------|----------|
| 1995 | $ 249.92 |
| 1996 | 0 |
| 1997 | 270.95 |
| 1998 | 1,205.47 |
| 1999 | 0 |
| 2000 | 599.63 |
| 2001 | 0 |
| 2002 | 1,558.46 |
| 2003 | 436.00 |

The regulations provide that work activity will be considered substantial gainful activity if the monthly average of the earnings exceeds a certain amount. 20 C.F.R. 416.974(b). A plaintiff's work is presumed to be substantial gainful activity if earnings averaged more than $500 a month from January 1990 through June 1999, $700 a month from July 1999 through December 2000, and slightly more for 2001. 20 C.F.R. 416.974(b)(2)(ii).

Further, the earnings record corroborates the plaintiff's testimony that her housekeeping jobs were held "off and on" (Tr. 61). "The ALJ generally does not consider work activity that occurred only 'off-and-on' for brief periods of time, even if it does lie within the relevant 15-year period." Waldrop v. Commissioner of Social Security, 379 Fed. Appx. 948, 952 (11th Cir. 2010); see also 20 C.F.R. 416.965(a). Moreover, the earnings record shows that the plaintiff had a number of different employers, which also

supports the plaintiff's assertion of a sporadic work history.  See McCrea v. Astrue, 407 Fed. Appx. 394 (11ᵗʰ Cir. 2011).

In view of the evidence of a sporadic work history and minimal earnings, the chart relied upon by the Commissioner, even assuming it was filled out by the plaintiff, which is unclear, provides at most a scintilla of evidence that the plaintiff had past relevant work as a motel housekeeper. Although a detailed inquiry upon remand might provide substantial evidence of past work as a motel housekeeper, the present record does not support such a finding.

For these reasons, the law judge's finding that the plaintiff could return to prior work as a housekeeper is erroneous.  Moreover, that error is not harmless because the law judge's alternate finding under the grids that the plaintiff could perform other work that exists in significant numbers in the national economy is not valid.

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills."  Francis v. Heckler, 749 F.2d 1562, 1566 (11ᵗʰ Cir. 1985).  In this case, the law judge's findings

reflect several nonexertional impairments, such as only occasionally balancing, kneeling, crouching, and crawling, and avoiding ladders and unprotected heights. 20 C.F.R. 416.969a(c)(v), (vi). The plaintiff also has a moderate limitation in her ability to deal with the general public due to her mental impairment.  Eleventh Circuit decisions establish that, in light of the plaintiff's nonexertional limitations, the law judge could not rely upon the grids, but was required to employ a vocational expert.  Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992); Allen v. Sullivan, 880 F.2d 1200 (11th Cir. 1989).

Significantly, the Commissioner makes no attempt to defend the law judge's use of the grids in this case (Doc. 22, pp. 12-13).  Rather, he contends that the finding was irrelevant or harmless error because the law judge found at step four that the plaintiff could return to past work.  As indicated, however, that finding was erroneous.  Consequently, because the law judge's alternate finding based upon the grids is invalid, the law judge's decision will be reversed.

The plaintiff also challenges a failure to address certain environmental limitations stated by a nonexamining reviewing physician, whose opinion the law judge said was entitled to great weight.  There is

-14-

clearly a tension between the law judge saying he gave the physician's opinion great weight and his failure to either include the physician's environmental limitations in the plaintiff's residual functional capacity, or explain why he did not. Under the circumstances, it is unnecessary to resolve whether this failure constituted reversible error. Nevertheless, on remand, the Commissioner would be well-advised to remedy this situation.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this /2ᵗʰ day of September, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE